UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD SATURNO,<br>    Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:18cv504(AWT) |
| WILLIAM MULLIGAN,<br>    Respondent. | :<br>:<br>: |

## **RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Donald Saturno, was incarcerated when he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 2018, he notified the court that he would soon be living in Danbury, Connecticut. See Notice, ECF No. 15. On May 21, 2018, a prison official informed the court that the petitioner had been discharged from the custody of State of Connecticut Department of Correction.

The petitioner challenges his July 2014 convictions for manufacturing a bomb and possession of child pornography. For the reasons that follow, the petition will be dismissed.

### I. Procedural Background

On July 1, 2014, in Connecticut Superior Court for the Judicial District of Stamford, in State v. Saturno, FST-CR13-0179761-T, the petitioner pled nolo contendere to one count of illegal manufacture of a bomb in violation of Connecticut

1

General Statutes § 53-80, and in State v. Saturno, FST-CR13-0180369-T, the petitioner pleaded nolo contendere to one count of possession of child pornography in violation of Connecticut General Statutes § 53a-196d(a)(1), conditioned on his right to appeal the denial of his motion to suppress. See Pet. Writ Habeas Corpus, ECF No. 1, at 2; State v. Saturno, 322 Conn. 80, 87 (2016). A judge imposed a total effective sentence of twelve years of imprisonment, execution suspended after five years, followed by fifteen years of probation.[1] See Pet. Writ Habeas Corpus at 2.

On appeal to the Connecticut Supreme Court pursuant to Connecticut General Statutes § 54-94a, the petitioner challenged the trial court's ruling denying his motion to suppress. See Saturno, 322 Conn. at 83-88. On July 19, 2016, the Connecticut Supreme Court concluded that the trial court had jurisdiction to deny the petitioner's motion to suppress the evidence that formed the basis for the charges against the petitioner, the

---

[1] The petitioner's criminal convictions and sentences are listed on the State of Connecticut Judicial Branch website. Although not reflected on page two of the present petition, information pertaining to the petitioner's sentences indicates that in addition to a term of imprisonment, the judge also imposed a fifteen-year probationary term to be served after the petitioner's discharge from imprisonment. This information may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Criminal/Motor Vehicle; Convictions – by Docket Number using FST-CR13-0180369-T and FST-CR13-0179761-T (Last visited on April 24, 2019).

trial court properly determined that probable cause existed to issue the administrative search warrant, the issuance of the administrative search warrant in an ex parte proceeding did not violate article first, § 7 of the Connecticut Constitution, and the execution of the administrative search warrant did not violate the petitioner's Fourth Amendment rights. Id. at 89-117.

While his direct appeal was pending, the petitioner filed a state habeas petition. See Saturno v. Warden, No. TSR-CV15-4007153-S (Conn. Super. Ct. April 24, 2015). The petitioner states that the trial court has not decided his state habeas petition. See Pet. Writ Habeas Corpus at 5.[2]

## II. Legal Standard

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a

---

[2] Information regarding the state habeas petition may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims; Case Look-up by Docket Number using TSR-CV15-4007153-S. The docket reflects that the court completed a trial on January 23, 2019, but has reserved decision on the matter. (Last visited on April 24, 2019).

writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems. See Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064, (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to ... correct a constitutional violation.'") (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." Id. at 32.

**III. Discussion**

The petitioner raises four grounds in his petition: (1) ineffective assistance of counsel; (2) jurisdiction; (3) the Connecticut Supreme Court "exceeded the scope of the direct appeal specified in [Connecticut General Statutes §] 54-94a;" and (4) "perjury in Marjorie Beauchette[']s testimony." See Pet. Writ Habeas Corpus at 9, 11, 13, 15. The petitioner indicates that he did not exhaust the first and second grounds of the petition and does not indicate whether he exhausted ground three or four either on direct appeal or in his state habeas petition. To the extent that the petitioner is challenging, in ground three, the trial court's denial of the motion to suppress evidence as upheld by the Connecticut Supreme Court on direct appeal, ground three appears to have been exhausted. See Saturno, 322 Conn. at 83 & n.1 (acknowledging that the trial court [had] determined that its ruling on the motion to suppress was dispositive, thereby satisfying the

5

requirements [for filing an appeal under] § 54-94a" and that the issue to be considered on an appeal pursuant to Conn. Gen. Stat. § 54-94a "shall be limited to whether it was proper for the court to have denied the motion to suppress. . . ." (internal quotation marks and citation omitted).

Based on the petitioner's description of the claims asserted in his state habeas petition, it appears that he has raised grounds one and two of this petition in the state habeas petition. See Pet. Writ. Habeas Corpus at 5, 9, 13. As indicated above, the state habeas petition remains pending. It is not clear whether the petitioner has raised ground four either on direct appeal or in his state habeas petition.

As the petition stands, only one ground has arguably been fully exhausted. With respect to the other three grounds, the petitioner has not alleged that there is no opportunity for redress in state court or that the state court process is clearly deficient. Thus, he is not excused from exhausting his state remedies before proceeding in federal court. See 28 U.S.C. 2254(b)(1)(B)(i) & (ii)(federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process; or" circumstances exist that render the state court process "ineffective to protect the rights of the [petitioner].");

Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(an exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered futile). Because the petitioner has not exhausted his state court remedies with respect to three of the four grounds in the petition, the petition is a mixed petition containing exhausted and unexhausted grounds.

Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all grounds have been exhausted. See Slack v. McDaniel, 529 U.S. 473, 486 (2000). Under limited circumstances, however, the district court has the discretion to stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all of his claims. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (acknowledging that district courts have discretion to stay a habeas case, but noting that staying a federal habeas petition too frequently will undermine the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and the "AEDPA's goal of streamlining federal habeas proceedings

7

by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."). A stay should be invoked only when the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, the claims are not clearly without merit, and the petitioner may be time-barred if the case is dismissed. See Rhines, 544 U.S. at 277 ("stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "even if a petitioner had good cause for that failure," stay and abeyance is not appropriate if petitioner's "unexhausted claims are plainly meritless"); Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (in view of the one-year limitations period for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1), district courts should not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court).

The limitations period commences when the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1); Rivas v. Fischer, 687 F.3d 514, 533 (2d Cir. 2012) ("The statute of limitations "runs from the latest of a number of triggering

8

events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.") (internal quotation marks omitted). The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. See 28 U.S.C. § 2244(d)(2).

The direct appeal of the petitioner's convictions became final on October 17, 2016, at the conclusion of the ninety-day period of time within which petitioner could have filed a petition for certiorari seeking review by the United States Supreme Court of the decision of the Connecticut Supreme Court affirming his convictions. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (where petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition). As indicated above, on April 24, 2015, while his direct appeal was still pending at the Connecticut Supreme Court, the petitioner filed his first state habeas petition. The Connecticut state court website reflects that the petitioner's state habeas petition is still pending. Because the time during which a state habeas petition is pending in state court tolls the one-year limitations period in 28 U.S.C. § 2244(d)(1), the limitations period has not yet begun to

9

run.  See 28 U.S.C. § 2244(d)(2).

The court concludes that a stay is unnecessary because the statute of limitations has remained tolled throughout the period that the petitioner's state habeas petition has been pending in state court and will continue to be tolled for as long as the state habeas petition remains pending in state court.  In addition, the petitioner has not shown good cause for failing to completely exhaust his state court remedies with respect to all of the grounds of the petition prior to filing this action.  Because the petitioner has not satisfied the requirements set forth in Rhines and the concerns in Zarvela are not present, there is no basis to stay this action while the petitioner exhausts his unexhausted grounds in state court.  Accordingly, the court will dismiss the petition without prejudice.

**IV. Conclusion**

The Petition for Writ of Habeas Corpus [**ECF No. 1**] is **DISMISSED** without prejudice to re-filing a new action after the petitioner has fully exhausted all available state court remedies as to all grounds in the petition.[3]

---

[3] The petitioner is informed that he also has the option of proceeding only as to the one exhausted ground in the petition.  If so, he must file a motion to reopen seeking: (1) to proceed as to the exhausted ground in the petition, and (2)

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies with regard all grounds in the petition. Thus, a certificate of appealability will not issue. See <u>Slack</u>, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 24rd day of April, 2019, at Hartford, Connecticut.

```
          _____/s/AWT_____
              Alvin W. Thompson
           United States District Judge
```

---

to withdraw all of the unexhausted grounds. The motion must clearly identify the ground that the petitioner claims has been fully exhausted and explain how the ground was exhausted in state court. The petitioner is cautioned, however, that if he proceeds only as to the exhausted ground, with the intention of presenting the unexhausted grounds to this court after they have been exhausted, he will run the risk that any such new petition will not be considered by this court because it would constitute a second or successive petition. See 28 U.S.C. § 2244(b)(2).